**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil No. 07-065 - SPS |
| | ) | |
| **1) NATHAN H. YOUNG, III;** | ) | |
| **2) CAROL ANN YOUNG;** | ) | |
| **3) BANK OF AMERICA, BANK OF** | ) | |
| **  AMERICA CORPORATION;** | ) | |
| **4) CHEROKEE COUNTY TREASURER;** | ) | |
| **5) OKLAHOMA TAX COMMISSION;** | ) | |
| **6) OKLAHOMA EMPLOYMENT** | ) | |
| **  SECURITY COMMISSION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER OF SALE

Upon consideration of the United States' Motion for Order of Sale, and pursuant to 28 U.S.C. §§ 2001 and 2002, the Court enters this Order of Sale directing the sale of certain real property, described below, in which defendants Nathan H. Young, III, Carol Ann Young, Bank of America, Cherokee County Treasurer, Oklahoma Tax Commission, and the Oklahoma Employment Security Commission, have an interest, and which is located in Cherokee County, Oklahoma.

On July 5, 2007, the Court entered judgment in favor of the United States and against Nathan H. Young, III, and Carol Ann Young, in the amount of $504,701.80, plus costs. (Doc. No. 38). The Court found that the United States had federal tax liens that attached to property held by Nathan H. Young, III, and Carol Ann Young located at 505 Quail Ridge Drive,

Tahlequah, Oklahoma 74464, in Cherokee County, Oklahoma. The Court ordered that the real property located at 505 Quail Ridge Drive, Tahlequah, Oklahoma 74464, in Cherokee County, Oklahoma and described below be foreclosed upon to help satisfy the federal income tax liabilities (Forms 1040) of Nathan H. Young, III, and Carol Ann Young for the tax years 1993, 1996, 1997, 1998, 1999, 2000, and 2001.

It is therefore ORDERED that the Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), including its authorized agents or officers, is authorized and directed, under 28 U.S.C. §§ 2001 and 2002, to proceed forthwith, without further order or process, to offer for sale at public auction, to advertise and sell, without appraisal and subject to any unpaid real property taxes or special assessments, to the highest bidder, according to law and pursuant to the terms and conditions set forth herein, real property in which the defendants have an interest located at 505 Quail Ridge Drive, Tahlequah, Oklahoma 74464, in Cherokee County, Oklahoma and described as follows:

> Lot 1, Block 2, Greenwood Estates No.2, a subdivision of Block 91, 112, and 113 to the City of Tahlequah, Oklahoma, according to the recorded plat thereof and The Easterly Half of Lot 10 and all of Lot 11, Block 2, Quail Ridge Estates, a subdivision of the NW4 of NW4 of SE4 and of the W2 of E2 of NW4 of SE4 and of the N2 of SW4 of NW4 of SE4 of Section 33, Township 17 North, Range 22 East, to the City of Tahlequah, according to the recorded plat thereof.

IT IS FURTHER ORDERED that this Order shall act as a Special Writ of Judicial Sale, and no further order or process from the Court shall be required.

IT IS FURTHER ORDERED that this sale of real property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

IT IS FURTHER ORDERED that the real property described above shall be sold pursuant to the terms and conditions set forth in this Order and as follows:

(a) The real property shall be sold at public sale.

(b) The property shall be sold free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees to those parties.

(c) The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the premises, and easements and restrictions of record, if any.

(d) The public sale shall be held either at the courthouse of the county in which the real property is located or on the real property's premises.

(e) The date and time for the sale shall be determined and announced by the PALS.

(f) Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in the county in which the above-described real property is located and, at the discretion of the PALS, by any other notice that it deems appropriate. The notice shall contain a description of the above-described real property and shall contain the terms and conditions of sale in this Order.

(g) The PALS is permitted to enter the premises, and prospective buyers shall be allowed to conduct an inspection of the exterior and interior of the property, at such time as the PALS shall determine to be reasonable and convenient.

(h) No bid (except for bids made by the United States) shall be accepted by the PALS, unless the same is accompanied by a certified check or cashier's check, in the minimum amount of $10,000.00 made payable to the United States District Court for the Eastern District of

Oklahoma. Before being permitted to bid at the sale, all bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if he or she is the successful bidder, he or she can make the deposit required by this Order.

(i) Within five (5) business days of the date of sale, the successful bidder shall deposit, in certified funds payable to the United States District Court for the Eastern District of Oklahoma, an additional sum such that at least ten (10) percent of the purchase price is on deposit.

(j) The successful bidder shall tender the balance of the purchase price, in certified funds payable to the United States District Court for the Eastern District of Oklahoma, at the office of the PALS on or before 3:30 p.m., thirty (30) business days from confirmation of the sale by the Court.

(k) In the event the successful bidder defaults on any of the terms contained herein, the deposit shall be forfeited and retained by the PALS as part of the proceeds of sale, and the real property shall again be offered for sale, without further permission of the Court, under the terms and conditions of this Order; or, in the alternative, the real property shall be sold to the second highest bidder.

(l) The United States may bid as a creditor against its judgments without tender of cash.

(m) The sale of the above-described real property shall be subject to confirmation by the Court. Upon confirmation of the sale and receipt of the entire purchase price, the Court shall issue, and the PALS shall deliver to the purchaser, a deed conveying the real property to the

purchaser. Upon confirmation of the sale, all interests in, liens against, or claims to, the real property that are or may be asserted by any of the parties to this action are discharged and extinguished.

IT IS FURTHER ORDERED that the PALS is authorized to have free access to the above-described real property and to take all actions necessary to preserve the property (including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part of the property) until the deed to the property is delivered to the purchaser.

IT IS FURTHER ORDERED that, until the real property is sold, Nathan H. Young, III, and Carol Ann Young, shall take all reasonable steps necessary to preserve the real property (including all buildings, improvements, fixtures and appurtenances) in its current condition; including, without limitation, maintaining fire and casualty insurance policies on the real property. They shall not commit waste against the real property, nor shall they permit or cause anyone else to do so. They shall not take any action that tends to reduce the value or the marketability of the real property, nor shall they permit or cause anyone else to do so. They shall not record any instruments, publish any notices, or take any other action (such as placing newspaper advertisements) that may directly or indirectly tend to adversely affect the value of the real property described above, or that may tend to deter or discourage potential bidders from participating in the public sale.

IT IS FURTHER ORDERED that each person occupying the real property shall permanently leave and vacate the real property within thirty (30) days of the date of this Order, each taking his or her personal property but leaving all improvements, buildings, fixtures, and

appurtenances to the real property. All keys should be turned over to the PALS. If any person fails or refuses to remove his or her personal property from the real property described above by the date specified herein, the property remaining on the real property thereafter is deemed forfeited and abandoned, and the Marshal and his or her deputies are authorized and directed to remove it. The PALS shall dispose of it in any manner the PALS sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of the sale, and the balance to be paid into the court for further distribution.

IT IS FURTHER ORDERED that the United States Marshal is authorized and directed to enforce this order at any time he deems appropriate after thirty (30) days of the date of this Order by (1) entering the property, and any and all structures and vehicles located thereon, (2) evicting any unauthorized persons from all locations on the property, including but not limited to structures, vehicles, and grounds, and (3) using such reasonable force as necessary to accomplish that mission. When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the property, he shall relinquish possession and custody of the property, and any personal property found therein and thereon, to PALS.

IT IS FURTHER ORDERED that should the defendants or any person acting on their behalf, or in concert with them, or residing thereon, either fail to vacate and depart from the real property after thirty (30) days of the date of this Order, or attempt to reenter onto the property after that date and time, that person or those persons shall be subject to arrest by the United States Marshal and shall be brought before this Court and be subject to proceedings in contempt of this order of this Court, and that such contempt could be punishable by a fine, incarceration, or both.

IT IS FURTHER ORDERED that, upon sale of the real property, the PALS shall deposit the proceeds arising from the sale with the Clerk of this Court for distribution upon further Court order.

IT IS FURTHER ORDERED that, upon order of the Court confirming the sale and directing distribution of the sale proceeds, the Clerk shall distribute the proceeds from the sale of the real property in the following order:

1. To the PALS and/or the United States Marshals, for the costs of the sale, including an amount sufficient to cover the expenses of any steps taken to secure or maintain the realty pending sale and confirmation by the Court; and, if the United States is the successful bidder, and therefore has not tendered cash, the United States shall tender to the PALS the expenses of the sale;

2. To Bank of America, from the remaining net sales proceeds from the sale in an amount sufficient to fully pay the purchase money mortgage executed on May 19, 1989 with Bank of America's predecessor-in-interest First National Bank and Trust Co. of Tahlequah, together with interest thereon until date of payment;

3. To Cherokee County, from the remaining net sales proceeds from the sale, if any exists, in an amount sufficient to fully pay the taxpayers' real property tax liens for the years 2003, 2004, 2005 and 2006, together with interest thereon until date of payment;

4. To the Oklahoma Tax Commission, from the remaining net sales proceeds from the sale, if any exists, in an amount sufficient to fully pay the taxpayers' 1992 and 1993 state income tax liability, together with interest thereon until date of payment;

5. To the United States of America, from the remaining net sales proceeds from the sale, if any exists, in an amount sufficient to fully pay the amounts described in the Judgment entered on July 5, 2007, (Doc. No. 38) for application to the respective debts owed by the defendants, Nathan H. Young, III, and Carol Ann Young, together with interest thereon until date of payment;

6. To the Oklahoma Tax Commission, from the remaining net sales proceeds from the sale, if any exists, in an amount sufficient to fully pay the taxpayers' 1994, 1995, 1996, 1997, 1998, 2000 and 2001 state income tax liability, together with interest thereon until date of payment;

7. To the Oklahoma Employment Security Commission the remaining net sales proceeds from the sale, if any exists, in an amount sufficient to fully pay an employment tax lien filed in Cherokee County on June 3, 2004 against the taxpayers.

ORDERED AND ADJUDGED this 18th day of July, 2007.

_____
STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE